IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON C. DANIEL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 12-CV-652-TCK-TLW |
| LORI JORDAN, Executive Director, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

This is a habeas corpus action. On February 19, 2013, Respondent filed a response (Dkt. # 9). On February 28, 2013, Petitioner, proceeding pro se, filed a reply (Dkt. # 11). Petitioner has also requested appointment of counsel (Dkt. # 10). For the reasons discussed below, the Court finds Respondent shall brief the issue of exhaustion and supplement the record.

As a preliminary matter, the Court finds that this petition shall be adjudicated under the authority of 28 U.S.C. § 2241. Respondent states that Petitioner has been committed for mental health treatment at the Oklahoma Forensic Center (OFC) after having been found Not Guilty by Reason of Insanity (NGRI) in Cimarron County District Court, Case Nos. CF-08-023, CF-08-028, and CM-09-010. Although commitment to a mental institution may satisfy the habeas corpus "in custody" requirement, see Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009), Petitioner was not convicted in his Cimarron County cases. Therefore, the proper statutory authority for this action is provided by 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254 (requiring that a habeas petitioner be "in custody pursuant to the judgment of a State court").

## *BACKGROUND*

In ground four of his petition, Petitioner provides the basis for his request for habeas relief, stating as follows:

> The doctors have changed my status. I have no mental illness and I do not meet the criteria to be here, the medication I was on up until Feb. 2011, leveled out my chemical imbalance and I have been doing fine, for the last few months I have been in an mental institution but have no mental illness status.

(Dkt. # 1). In response to the petition, Respondent explains that the Forensic Review Committee met on January 31, 2013, and determined that they could not recommend Plaintiff's release because options for suitable housing "fell through at the last minute." See Dkt. # 9 at ¶ 11. Respondent further states that the Forensic Review Committee is scheduled to meet again on April 25, 2013, and that efforts to locate suitable housing for Petitioner will continue. Id. at 4. In his reply to Respondent's response, Petitioner states that "this place keeps coming up with pitiful excuses not to release me and they are lying to you," and that he is "being wronged." See Dkt. # 11.

## *ANALYSIS*

In response to the petition, Respondent failed to address whether Petitioner had exhausted available state administrative and judicial remedies before coming to federal court. It is well established that habeas corpus relief cannot be granted unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b) and (c); see also Rose v. Lundy, 455 U.S. 509, 510 (1982); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254 (b). Furthermore, a prisoner seeking relief under § 2241 must exhaust state remedies.

Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007) ("Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies" and this requirement applies whether seeking habeas relief pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241); Montez, 208 F.3d at 865. The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose, 455 U.S. at 518).

In this case, Respondent did not address the exhaustion issue in her response to the petition. For that reason, Respondent shall file a supplemental brief addressing whether Petitioner has state administrative and/or judicial remedies for his claim(s), and, if so, whether he has exhausted those remedies.

In addition, Respondent failed to provide a sufficient record for the Court's use in evaluating Petitioner's claim(s). For example, Respondent states that the inability to locate suitable housing "is due in part to the nature of Plaintiff's crimes," see Dkt. # 9 at ¶ 11. However, nothing in the record informs the Court of the nature of the underlying offenses. Respondent goes on to state that Judge Kincannon of Cimarron County District Court "concur[s] in the recommendation not to release Plaintiff until suitable housing can be located due in part to the concern that unless this is done the risk of danger to the public is pervasive." See Dkt. # 9, ¶ 11. That statement is not supported by any written order by Judge Kincannon or an explanation of the concern regarding the risk of danger to the public. Therefore, to assist the Court in resolving this matter, Respondent shall supplement the record to include copies of relevant state court documents and rulings, including the docket sheets from Petitioner's criminal cases in Cimarron County, any order(s) finding Petitioner

3

Not Guilty by Reason of Insanity (NGRI), and any order by Judge Kincannon concurring in the recommendation not to discharge Petitioner.

Lastly, the Court shall deny without prejudice Petitioner's motion for appointment of counsel. The Court may reconsider whether to appoint counsel for Petitioner should the exhaustion issue be resolved in Petitioner's favor.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within twenty-one (21) days of the entry of this Order, Respondent shall file a supplemental brief addressing the exhaustion status of Petitioner's habeas claim(s). Respondent shall specifically state whether Petitioner has state administrative and judicial remedies, and if so, whether Petitioner has exhausted those remedies before seeking federal habeas corpus relief.

2. Petitioner may file a response to Respondent's brief within fourteen (14) days of the filing of the brief.

3. By the above-referenced deadline, Respondent shall supplement the record to include copies of relevant state court documents and rulings, including the docket sheets from Petitioner's criminal cases in Cimarron County, any order(s) finding Petitioner NGRI, and any order by Judge Kincannon concurring in the recommendation not to discharge Petitioner.

4. Petitioner's motion for appointment of counsel (Dkt. # 10) is **denied without prejudice** to being reasserted should the exhaustion issue be resolved in Petitioner's favor.

DATED THIS 11th day of March, 2013.

**TERENCE KERN**
**United States District Judge**

4