# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON C. DANIEL, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 12-CV-652-TCK-TLW ) |
| LORI JORDAN, Executive Director, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. When he filed his petition (Dkt. # 1), Petitioner was committed for mental health treatment at the Oklahoma Forensic Center (OFC) after having been found Not Guilty by Reason of Insanity (NGRI) in Cimarron County District Court, Case Nos. CF-08-023, CF-08-028, and CM-09-010. In his petition, Petitioner asserted as follows:

> The doctors have changed my status. I have no mental illness and I do not meet the criteria to be here, the medication I was on up until Feb. 2011, leveled out my chemical imbalance and I have been doing fine, for the last few months I have been in an mental institution but have no mental illness status.

(Dkt. # 1). Based on those allegations, Petitioner sought to be released from OFC. See, e.g., Dkt. # 11.

On February 19, 2013, Respondent filed a response (Dkt. # 9) to the petition. On February 28, 2013, Petitioner, proceeding pro se, filed a reply (Dkt. # 11). Pursuant to the Court's directives, see Dkt. ## 12, 21, Respondent filed supplemental responses (Dkt. ## 17, 18, 24). Petitioner filed replies (Dkt. ## 19, 22, 25). On May 14, 2013, Respondent filed another supplemental response (Dkt. # 26), advising the Court that, as of May 14, 2013, Petitioner has been discharged and is no longer in the custody of the Oklahoma Department of Mental Health and Substance Abuse Services.

## *ANALYSIS*

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)).

The relevant inquiry in this case is whether Petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. Spencer, 523 U.S. at 7; see also Gille v. Booher, No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished). Petitioner must "continue to have a personal stake in the outcome" of his case in order to satisfy the case or controversy requirement of Article III. Spencer, 523 U.S. at 7. Petitioner's request for habeas corpus relief is limited to seeking discharge from OFC. Because Petitioner has now been discharged, this case is moot unless a favorable decision from the Court would serve to redress an actual injury sustained by Petitioner. Under the facts of this case, Petitioner cannot demonstrate a concrete and continuing injury now that he has been discharged from OFC. As a result, there is nothing for this Court to remedy. Spencer, 523 U.S. at 7. The Court concludes that Petitioner's request for habeas

corpus relief has been rendered moot by his discharge. The 28 U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**.

2. This is a final order terminating this action.

DATED THIS 15th day of May, 2013.

TERENCE KERN
UNITED STATES DISTRICT JUDGE